# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2012

No. 12-40052
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN IBARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1029-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ruben Ibarra was convicted by a jury of one count of unlawfully possessing a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 120 months of imprisonment and two years of supervised release.

On appeal, Ibarra presents several arguments related to the evidence offered by the Government in support of his status as a previously convicted felon. First, he argues that the district court improperly admitted a fingerprint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

card that was attached to a state court felony judgment. Ibarra's argument is flatly contradicted by the trial record. Here, the Government offered into evidence a certified copy of a Judgment of Conviction and Sentence issued against "Ruben Ibarra" on January 6, 2009, in the 406th Judicial District Court of Webb County, Texas, Cause No. 2008CRD000629-D4. Attached to the state judgment was a copy of a document bearing the same caption and date as that judgment and containing a full set of fingerprints of the defendant in that case. The fingerprints were taken by a court bailiff in accordance with the Texas statute requiring that a judgment reflect the defendant's thumbprint. *See* TEX. CODE. CRIM. P. art 42.01 § 1(23).

Additionally, the Government presented the testimony of a deputy clerk for the District Clerk's Office of Webb County. According to the deputy clerk, who testified as custodian of records for that office and the courts that it serves, the judgment–including the fingerprint card–was the certified copy of conviction kept by the Clerk's Office in the regular course of business. Based on the foregoing testimony, it is evident that the challenged fingerprint card is self-authenticating, and thus the district court did not abuse its discretion in admitting the card. *See* FED. R. EVID. 902(4)(A); *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011). Even if the fingerprint card arguably is not self-authenticating, the district court did not abuse its discretion in admitting the card into evidence, because it also qualifies as a "public record" admissible under Rule 901(b)(7) of the Federal Rules of Evidence.

Next, Ibarra complains that the evidence was not legally sufficient to support his conviction. Because Ibarra moved for a judgment of acquittal after the Government rested and presented no evidence in his own defense, he properly preserved his evidentiary sufficiency argument. *United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995). We review de novo a challenge to the sufficiency of evidence supporting a conviction. *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007). "[We] view all evidence, whether

circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997). "The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.*

To prove the felon-in-possession charge, the Government was required to prove that (1) Ibarra had a prior felony conviction, (2) he possessed a firearm, and (3) the firearm had traveled in interstate commerce. *See* 21 U.S.C. § 922(g); *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). Ibarra's sufficiency challenge concerns only the first element and, more specifically, his identity as the "Ruben Ibarra" listed in the state court felony judgment. This challenge fails, however. As noted above, the Government introduced authenticated copies of the fingerprint card taken by the defendant in the previous state court proceeding on the same day judgment was entered in that case. The Government also presented the testimony of an expert in the field of fingerprint analysis and identification, who testified that, on the morning of trial, he took the impressions of Ibarra's fingerprints, which he determined matched the set of fingerprints found in the state court papers. This evidence, when viewed in the light most favorable to the Government, was sufficient to prove beyond a reasonable doubt that Ibarra was the defendant in the prior state felony judgment. *See, e.g., United States v. Lampton*, 158 F.3d 251, 260 (5th Cir. 1998) (involving challenge to 21 U.S.C. § 841(b)(1)(A) enhancement).

As an alternative argument, Ibarra argues that this court should grant him a new trial. His argument is premised on this court's finding enough doubt as to his guilt, even if not sufficient to require acquittal, such that a new trial is warranted. Assuming arguendo that this court had the power to grant a new trial under 28 U.S.C. § 2106, such relief is not warranted here as the evidence

supports Ibarra's conviction beyond a reasonable doubt.  *See United States v. Garcia-Gracia*, 324 F. App'x 286, 296-97 & n.6 (5th Cir. 2009).

Finally, Ibarra contends that, during his rebuttal closing argument, the prosecutor improperly commented on the weight of the evidence and on matters not in evidence.  However, even if the prosecutor made an improper remark, as Ibarra alleges, he has not demonstrated that the remark caused him prejudice.  *See United States v. Fields*, 483 F.3d 313, 358 (5th Cir. 2007).  Following the complained-of remark, the district court immediately instructed the jury that neither counsel was not providing any personal opinions.  The court also instructed the jury several times that arguments made by counsel were not evidence and that the jurors were the sole judges of the credibility of each witness and of the weight to be given to each witness's testimony.  This court presumes that the jury follows the instructions of the court.  *See United States v. Tomblin*, 46 F.3d 1369, 1390 (5th Cir. 1995).  Moreover, the evidence of Ibarra's culpability for the charged offense was extensive.  Considering the foregoing, the prosecutor's remarks, even if improper, do not cast serious doubt on the correctness of the jury's verdict, and thus the district court did not abuse its direction or err in overruling Ibarra's objection to the rebuttal argument.  *See United States v. Gracia*, 522 F.3d 597, 600 n. 2 (5th Cir. 2008); *United States v. Insaulgarat*, 378 F.3d 456, 461 (5th Cir. 2004).

AFFIRMED.